**STATEMENT OF FACTS**

On February 26, 2025, at approximately 6:40 p.m., members of the Metropolitan Police Department's ("MPD") Special Mission Unit were patrolling Southeast, Washington, D.C. in the Barry Farm neighborhood. Your affiant became aware of an arrest and reviewed body worn camera footage of an MPD officer on scene, and a sworn statement by another MPD officer who arrested the defendant.

MPD was driving on the XXXXXXXXXXXXXX, when an officer observed a white SUV parked in the roadway and a man standing near the driver's side front bumper. The man was holding two 750mL bottles of wine, specifically bottles of "Luc Belaire Rare Luxe." One bottle had a disposable plastic cup on top covering where a cork would normally be.

Officers stopped their patrol vehicle and approached the man, who was later identified to be Talib Abdul WALI (DOB: 04/18/1979).



*Figure 1: Screenshot from officer BWC capturing his exit from the patrol vehicle. The bottle is circled in red for clarity.*

The officers removed both bottles from WALI and removed the cup from the top revealing the bottle to be open. In the District of Columbia, "no person in the District shall . . . possess in an open container an alcoholic beverage in or upon any of the following places: (1) A street, alley, park, sidewalk, or parking area . . . ." D.C. Code § 25-1001(a)(1). A violation of section 25-1001(a) is a misdemeanor punishable "imprison[ment] for not more than 60 days . . . ." D.C. Code § 25-1001(d).

The officers placed WALI under arrest. As the arrest was effectuated, WALI briefly struggled as his hands were placed behind his back. The officers were able to place WALI's hands behind his back and put him in hand cuffs.

An officer asked WALI, "Do you have any weapons on you?", to which WALI responded, "No." Soon afterwards, WALI's right hand, although cuffed, moved toward his right, front, pants pocket.



*Figure 2: Screenshot from officer BWC capturing the defendant's hand, circled in red, moving toward his front pants pocket.*

An officer reacts and pulls WALI's hand back behind his back. The officer looks in the area where WALI reached and located a pistol within the WALI's waistband.



*Figure 3: Screenshot from officer BWC when officers discover the gun.*

The firearm is a Glock 20, 10mm handgun, bearing serial number BKTG407. Your affiant knows there are no firearm or ammunition manufacturers in the District of Columbia. The firearm was loaded with 15 rounds within a 15-round magazine. Additionally, a round was loaded within the chamber of the firearm. The firearm appears to be fully functional, designed to expel a projectile by the action of an explosive, has a barrel length of less than twelve inches, and appears capable of being fired by use of a single hand.

A criminal records check revealed that WALI was previously convicted of multiple offenses, including Possession of a Firearm during a Crime of Violence, in D.C. Superior Court case number 1999 FEL 000361. WALI was sentenced to serve consecutive terms totaling 80 months. Accordingly, at the time WALI possessed the firearm in this case, he knew he had previously served a term of imprisonment for more than one year.

Because there are no firearms or ammunition manufacturers in the District of Columbia, the firearm and ammunition in this case would have traveled in interstate commerce prior to being recovered in the District of Columbia.

Based on the forgoing, I submit that there is probable cause to believe that WALI violated 18 U.S.C. § 922(g)(1), which makes it a crime for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition that has been shipped or transported in interstate or foreign commerce.

_____
SPECIAL AGENT DANIEL BEDARD
FEDERAL BUREAU OF INVESTIGATION

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this* 27th *day of February, 2025.*

_____
HONORABLE MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE