UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 25-mj-29 MAU |
| | : | |
| TALIB ABDUL-WALI, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through its attorney the United States Attorney for the District of Columbia, respectfully submits this supplemental memorandum in support of pretrial detention. This Court requested additional information to be provided before the continued detention hearing from both parties. Although at the time of writing the government has been unable to gain more information about a potential 2013 violation of parole, there is still additional information the Court should consider.

**I.      The defendant's status while on parole.**

The information about why the defendant was incarcerated between November 21, 2013, and December 17, 2013, has been archived. At the time of writing, the government has been unable to track down the information from Court Services and Offender Supervision Agency for the District of Columbia. During that potential violation, the defendant had a pending case, *United States v. Derrick Thompson*, 2013 CMD 013715. A docket entry dated November 21, 2013, notes, "U.S. Marshal stepped the Defendant back for the execution of an outstanding warrant." *See* https://eaccess.dccourts.gov/ (last accessed March 9, 2025). The government is unable to locate a similarly timed criminal incident.

Pretrial Services did locate a 2019 violation report from CSOSA. In it, the report writer alleges two separate violations. First, that the defendant was arrested on February 2, 2019, for Possession of Unregistered Ammunition and Possession with Intent to Distribute Marijuana.[1] A second allegation noted eight different positive tests for marijuana while on supervision. At the time of that report, the writer also noted, "Mr. Thompson may still struggle with criminal thinking." CSOSA Report p. 2. But ultimately, the report states the last previous violation report was submitted on October 16, 2016, and does not make mention to what occurred in 2013.

The government will continue to seek the records prior to the 1:00 p.m. start of the continued hearing.

## II.  Additional Information.

The government acknowledges this case is not one the presumes detention. The government additionally acknowledges the "facts the judicial officer uses to support a finding pursuant to subsection (e) . . . shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f). Here, clear and convincing evidence supports a finding of dangerousness.

The defendant argues that he should be treated as similarly situated individuals he's identified, but the defendant is not similarly situated to those individuals. In all but one, the predicate felony supporting a violation of 18 U.S.C. § 922(g) were not crimes of violence:

| Case No. | Prior Felony (as charged in indictment) | Additional Information |
|---|---|---|
| 24-cr-056-APM | • Carrying a Pistol Without a License<br>• Attempted Robbery | • Defendant placed on HISP |
| 23-cr-299-CJN | • 1997 Murder | • Defendant placed on Home detention |

---

[1] Although this arrest was previously mentioned during the March 4, 2025, hearing, the extent of the charges at arrest were unknown and believed to only relate to marijuana. Despite the additional evidence that the arrest also involved unregistered ammunition, the charges themselves were still "no papered" by the government at the time.

| | | |
|---|---|---|
| 23-cr-109-JEB | • Carrying a Pistol Without a License | • Defendant placed on HISP |
| 23-cr-154-TSC | • Possession with Intent to Distribute a Controlled Substance<br>• Unlawful Possession of a Firearm | • Defendant placed on HISP |
| 22-cr-342-CRC | • Possession with the Intent to Distribute Cocaine<br>• Grand Larceny > $200 | • Defendant ordered to Samaritan Inns and order to receive a COVID-19 test |
| 22-cr-268-APM | • Obstruction of Justice | • Defendant placed on HISP<br>• Government moved to dismiss case two months after indictment |
| 19-mj-243-GMH | • Distribute Cocaine | • Defendant placed on HISP, later placed on 24-hour confinement at treatment facility<br>• Government moved to dismiss case before indictment |
| 19-cr-192-BAH | • Carrying Pistol without a License | • Defendant placed on HISP, but later removed HISP condition |
| 18-cr-344-EGS | • Possession with Intent to Distribute a Controlled Substance | • Defendant placed on HISP<br>• Government moved to dismiss the case |
| 17-cr-236-ABJ | • Assault with a Dangerous Weapon<br>• Possession with Intent to Distribute a Controlled Substance | • Defendant placed on HISP |
| 17-cr-231-RC | • Second Degree Assault | • Defendant placed on HISP |

Of the eleven cases identified by the defendant, only one has the predicate felony as a crime of violence, 23-cr-299-CJN. In *United States v. Michael Plummer*, a defendant had a single adult

3

conviction for Murder in the First Degree from an incident in July of 1996. At that time, that defendant was 16 years old. In *Plummer*, the defendant was arrested with a Sig Sauer P365 on his person. The gun was a 9mm handgun loaded with six rounds. The offense was 27 years after the murder. But *Plummer* is the exception, not the rule. Unlike in the present case, Mr. Plummer had a single criminal conviction, and 41 months of supervision without an incident of non-compliance before his indictment. *United States v. Plummer*, 23-cr-299-CJN, is still pending.

But the issue before this Court is not whether conditions can be placed to ensure the safety of the community from Mr. Plummer, or the other 10 individuals identified by the defendant. The issue is whether there are conditions that can ensure the safety of the community from Mr. Abdul-Wali. Here, it cannot. "[W]e explained in *Munchel* that a person could be deemed a danger to the community sufficient to justify detention even without posing a threat of committing violence in the future." *United States v. Hale-Cusanelli*, 3 F.4th 449, 456 (D.C. Cir. 2021). Further, "carrying a loaded firearm—especially if the carrier has a violent history, including a conviction for armed robbery—has the great potential to escalate into violence." *United States v. Cole*, 459 F.Supp.3d 116, 120 (D.D.C. 2020) (Hon. Trevor N. McFadden).

In the present case, the defendant told officers he did not have any weapons. Soon after, the defendant began to reach his right hand toward the front of his pants. The officers reacted before any further escalation and found the loaded pistol within the defendant's waistband. The defendant, as an individual with a violent history, was carrying a loaded firearm and struggled with officers as he was placed under arrest. Much like in *Cole*, there are no conditions that can assure the safety of the community if the defendant were released.

### III.  Conclusion.

Because all four factors weigh in favor of detention, this Court should conclude that there is no combination of conditions that will reasonably assure the safety of the community.

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney
D.C. Bar No. 481866

Date: March 9, 2025

/s/ *Adam M. Dreher*
ADAM M. DREHER
Assistant United States Attorney
MI Bar No. P79246
601 D St. NW
Washington, D.C. 20530
(202) 252-1706
adam.dreher@usdoj.gov